## LIABILITY OF TENANT FOR DEFECTIVE COVERING OF COAL HOLE.

Circuit Court of Cuyahoga County.

BENJAMIN FREYER ET AL V. THOMAS WHITE.

Decided, November 10, 1905.

*Landlord and Tenant—Tenant Liable for Nuisance—Constructive Notice.*

1. Where there has been a nuisance of continued existence both the lessor and lessee of the premises may be liable therefor, and in an action against the lessee for damages it is no defense that the premises were received from the lessor in the same condition.

2. Where a tenant has been in possession of premises for two years, he will be charged with constructive notice of a defect in the covering of a coal hole in the sidewalk which has existed during all of that time.

*Frank Wade* and *M. B. Putney,* for plaintiff in error.
*Willis Vickery,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is a personal injury damage case, wherein the defendant in error recovered a verdict for $949.37 and judgment thereon after a remittitur of $300. The facts are briefly these: the defendant in error while walking along a public sidewalk in this city, February 11, 1903, stepped on the cover of a certain coal hole therein. The cover tilted and he fell astride of it. The premises, in front of which this accident happened, were, and for more than two years before had been, in the exclusive possession of the plaintiffs in error as tenants under a written lease. On the trial it appeared that the pin, by which the coal-hole cover should have been fastened underneath, was not in place; but plaintiffs in error sought to shift responsibility therefor upon their landlord, by showing that no use had ever been made of that particular coal hole by or for them, during their tenancy,

that they had no knowledge of its condition, and that it had been in the same condition before and ever since their tenancy began.

The court refused to permit this showing to be made, and charged the jury substantially that notice to the plaintiffs in error of this defect was under these circumstances presumed. These rulings are here assigned as error.

Whatever liability rests on the abutting owner, or occupier, in such a case as this, arises not from his creation or maintenance of a nuisance. *Morris* v. *Woodburn,* 57 Ohio State, 330, 334; *Wilhelm* v. *The City of Defiance,* 58 Ohio State, 56, 64.

"And where there has been a nuisance of continued existence, lessor and lessees may both be liable for damages resulting therefrom. The lessee in actual possession of the premises, if he continues the nuisance after notice of its existence, and notice to abate it; the lessor, if he at first created it and demises the premises with the nuisance upon them, and at the time of the damage done is receiving a benefit therefrom by way of rent or otherwise." *Shindelbeck* v. *Moon,* 32 Ohio State, 264, 268.

It thus appears that the liability or non-liability of the landlord, who is not a party to this case, has no bearing on the question of the tenant's liability herein; and it was therefore not error to refuse to permit the latter to show that the defect existed when the landlord demised the premises. Nor was there any error in refusing to permit the plaintiffs in error to show that they were without actual notice of the defect, if the admitted circumstances were such as to effect them with constructive notice.

In *Timlin* v. *The Standard Oil Company,* 126 N. Y., 514, it was held that:

"A lessee of premises does not become liable for a nuisance existing thereon merely by accepting the lease; but to render him liable it must be shown that he had notice of its existence, or that enough time had elapsed in which he could, by the exercise of proper care, have obtained such knowledge."

The time so elapsed in this case was over two years. Ordinary care in a case of this character would be great care (*Bank* v. *Gillen,* 27 C. C., 609, 612). The slightest care—the most cursory

inspection—with respect to the security of the cover to this coal hole, would have revealed the absence of the pin which had been provided for the purpose of fastening it.   And we hold that the court below did not err in ruling that the plaintiffs in error were chargeable with knowledge of this condition under the circumstances of this case.

Newly-discovered evidence was one of the grounds on which the motion for a new trial was predicated, and it is said that the remittitur of $300 was required on account of the affidavit which was filed in support of this ground and which tended to show that the disability of the defendant in error may not have been so great as the testimony on the trial had indicated.   It also tends to contradict his testimony in one or two other particulars.   The affidavit is not that of a new witness to be called, if another trial should be granted; but that of one of the attorneys for plaintiffs in error, as to what certain persons, not under oath, had told him they would testify if called.   Moreover, there is no such diligence shown to have been exercised, at and before the time of trial, for the discovery of the evidence in question, as would warrant us in finding that the court below erred in overruling the motion, so far as that ground is concerned, particularly after the remittitur was entered.

It is claimed further that the judgment is even now excessive, notwithstanding the remittitur.   Our review of the evidence convinces us that the contrary is true.   The judgment is affirmed.